# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CALVIN SPEARS, as next friend for**
**M.S., a minor,**

    **Plaintiffs,**

                                  Case No.
                                  HON.

**-v-**

**ROCHESTER COMMUNITY SCHOOL DISTRICT,**
**LISA FORNAUGH, and**
**WILLIAM STAUGAARD, jointly and**
**severally in their individual and official capacities,**
    **Defendants.**
_____/

**BRANDON MCNEAL (P81300)**
**KORO KHAMO (P80994)**
**KHAMO LAW**
Attorneys for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com
koro@khamolaw.com
_____/

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

/s/ Brandon McNeal
Brandon McNeal (P81300)

**NOW COMES** Plaintiff, by and through their attorney, Brandon McNeal, and for their complaint against the Defendants states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. At all pertinent times, Plaintiffs are residents of the city of Rochester, and citizens of the State of Michigan.

2. DEFENDANT ROCHESTER COMMUNITY SCHOOL DISTRICT is a public educational institution, located in the County of Oakland, State of Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

3. DEFENDANTS LISA FORNAIGH AND WILLIAM STAUGAARD, (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and were employed by the Rochester Community School District.

4. Individual Defendants were at all pertinent times employed as Principal and Assistant Principal and were acting under color of state law and pursuant to customs, policies and practices of the Rochester Community School District.

5. The Plaintiff brings this action under the Constitution of the United States and under 42 USC Section 1983, 42 USC Section 1331 and state law.

6. Venue in this district is proper under 28 USC Section 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

7. The actions giving rise to this complaint arose entirely within Oakland County, Michigan on the date of August 24, 2023, and also later.

8. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

## FACTUAL ALLEGATIONS

9. Plaintiff, an African American student at West Middle School in the Rochester Community School District and the only African American student on the football team, was subjected to harassment and threats from classmates based on race on multiple occasions.

10. For example, Plaintiff was subjected to race-based threats and harassment in a West Middle School classroom as well as a West Middle School Football group chat that he belongs to, which included the following messages:

    a. I hate black people
    b. Emojis depicting a white male shooting an African American slave or farmer
    c. Emojis depicting a white male punching an African American slave or farmer

3

    d. Nigger I hate Nigger

    e. Nigger balls

    f. Andrew I hate Nigera

    g. Sike I hate Niggers

    h. T is a nigga

    i. Beat these niggers like back in the day

    j. Monkey

11. M.S's father, Calvin Spears, became aware of the harassment and threats directed towards his son, M.S., and immediately notified the school administration, including Individual Defendants.

12. Mr. Spears also provided the evidence of the threats and harassment to Individual Defendants.

13. Defendant William Staugaard acknowledged receipt of these threatening/harassing messages and vowed to start an "investigation."

14. This "investigation" led to no actual suspension or expulsion against any of the students involved despite the inherent authority to do so provided by the Code of Conduct policy.

15. Mr. Spears expressed his dissatisfaction with the fact that the children involved were not subjected to any disciplinary action and remained in the

school with his son as well as allowed continued participation in all football activities.

16. Mr. Spears advised Individual defendants that he should not have to remove his child from a sport or school to ensure that he feels safe.

17. Mr. Spears stated that his expectation was that the school would ensure his child's safety by removing the children who made the threats via some form of suspension, which was in line with school policy.

18. Mr. Spears requested a meeting with the Principal, Defendant Fornaugh, to discuss possible solutions to protect his child from these threats, harassment, and potential retaliation.

19. Even after expressing these concerns to the Principal and Assistant Principal, Defendants refused to suspend any of the children involved with making these race-based harassment and threats.

20. Defendant Rochester Community School District had a duty to protect its students, which was breached when it failed to protect Plaintiff M.S from threats and harassment by its students.

21. As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered injuries and damages, including, but not limited to:

   a. Emotional distress;

   b. Fear, anxiety, humiliation, loss of reputation, and shame;

    c. Loss of peace of mind and sense of safety;

    d. Cost of past and future medical treatment; and

    e. Aggravation of Existing Injuries and Conditions.

22. Further, Defendants' actions and omissions have resulted in harm to Plaintiff, including emotional harm, and other damages that may be discovered throughout the course of litigation.

## COUNT I
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS- VIOLATION OF RIGHT TO EQUAL PROTECTION AS TO INDIVIDUAL DEFENDANTS

23. The preceding paragraphs are incorporated by reference.

24. Defendants' conduct toward Plaintiff, M.S., included failing to protect him from racial harassment and racial threats.

25. Non-African-American students were not treated in the same manner.

26. Defendants' actions and/or omissions denied Plaintiff equal protection under the law.

27. Individual Defendants, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional Rights.

28. Plaintiff suffered severe emotional injury as a result of these Fourteenth Amendment violations.

29. Defendants' acts or omissions proximately caused these injuries.

## COUNT II
## VIOLATION OF ELCRA- CREATING AND FAILING TO PREVENT A RACIALLY HOSTILE EDUCATIONAL ENVIRONMENT

30. The preceding paragraphs are incorporated by reference.

31. Defendant Rochester Community School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

32. Defendants acts and omissions constitute racial discrimination and violate Plaintiff's rights under the ELCRA by subjecting Plaintiff to disparate treatment based upon race.

33. Defendants were the entities responsible for providing a safe educational environment for Plaintiffs.

34. Once Plaintiffs notified Defendant Rochester Community School District that Plaintiff M.S. was being bullied by other students as a result of the racial harassment and threats, the Principal, Assistant Principal, and other School District officials retaliated against Plaintiffs by declining to discipline the students involved or to otherwise comply with their responsibilities in accordance with the ELCRA.

## COUNT III
## <u>VIOLATION OF ELCRA- DISCRIMINATION ON THE BASIS OF RACE AS TO ALL DEFENDANTS</u>

35. The preceding paragraphs are incorporated by reference.

36. Defendant Rochester Community School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

37. Defendants' acts and omissions constitute racial discrimination and violate Plaintiff's rights under the ELCRA by subjecting Plaintiff to disparate treatment based upon race.

38. Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

39. Plaintiff's race was at least one factor in his treatment by Defendants.

40. Plaintiffs were discriminated against on the basis of race by the way in which Defendants responded to the race-based harassment/threats and failed to adequately address the harassment and bullying Plaintiff experienced as a result thereafter.

41. Defendants acts and/or omissions proximately caused these injuries.

42. The preceding paragraphs are incorporated by reference.

43. The acts and omissions of Defendants constituted a violation of Plaintiff's constitutional, statutory, and common law rights and are a proximate cause of Plaintiff's damages.

44. As a result of Defendants' acts and omissions, Plaintiff has suffered emotional and physical injuries all of which are ongoing, and resulting in damages including, but not limited to:

   a. Emotional distress;

   b. Loss of personal freedom and liberty;

   c. Pain and suffering;

   d. Fear, humiliation, anxiety;

   e. Exemplary damages;

   f. An award of punitive damages;

   g. Reasonable attorney fees and costs;

   h. All other relief which appears reasonable and just under the circumstances

   WHEREFORE, Plaintiffs, pray that this Honorable Court grant judgement in favor of Plaintiff and against Defendants in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

Respectfully submitted,

/s/ Brandon McNeal
Brandon McNeal (P81300)
Attorney for Plaintiff

Dated: November 7, 2023

## **JURY DEMAND**

**NOW COMES** the Plaintiffs and demands trial of their cause by jury.

Respectfully submitted,

/s/ Brandon McNeal
BRANDON MCNEAL (P81300)
Dated: November 7, 2023 Attorney for Plaintiff